FRITZE, LUNDT & CO., PLAINTIFFS AND APPELLEES, *v.* PANIAGUA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 1, in an Action of Debt.

No. 1572.—Decided July 13, 1917.

DEBT—LIQUIDATED ACCOUNT—EVIDENCE.—In this case, an action of debt, the evidence shows that the defendant purchased building materials from the plaintiffs on a cash understanding but did not pay cash for them; that an account was carried in which his purchases and payments were entered; that

a statement of the balance due was passed to him and he made no objection to it; that after the account was rendered and this action was brought the defendant made certain payments and nothing was debited. *Held:* That this being a liquidated account, the evidence is sufficient to support the judgment appealed from.

The facts are stated in the opinion.

*Messrs. Texidor & Martínez Alvarez* for the appellant.

*Messrs. Martínez & Iriarte* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

On April 27, 1915, Successors of Fritze, Lundt & Co. brought an action in the District Court of San Juan against Martín Paniagua to recover $642.43 for building materials sold to him on cash terms in and prior to the first half of February, 1915, the defendant having failed to pay the said sum in whole or in part notwithstanding the demands made upon him.

On May 3, 1915, the defendant answered, denying that materials to the value of $642.43 had been sold to him during the month of February, 1915, and alleged as a defense that he had been buying building materials from the plaintiffs for more than a year past, having opened an account current with them on which he made payments; and that since April 24, 1915, he had paid the sums which he specified, understanding that they had been credited to his account. Defendant further alleged that he had entered into an agreement with the plaintiffs to make partial payments on his account, which had not been liquidated, and that on April 22 the plaintiffs requested payment of the whole account, which they claimed amounted to $742.43, and allowed him until April 30, 1915, within which to pay it.

The defendant also filed a counter-complaint claiming damages, but in view of the fact that the plaintiffs denied it and that there was no evidence to support it, we shall not consider it.

At the trial on February 24, 1916, the plaintiffs reduced their claim to $559.55 and examined their evidence. The defendant moved for a nonsuit in view of said evidence,

which motion does not appear to have been ruled on by the court; but having waived his right to introduce evidence, judgment was rendered against him for $559.55, the amount claimed, and from that judgment he took the present appeal and filed a brief in support thereof. No brief has been filed by the appellees, nor did the attorneys for the parties appear at the hearing on the appeal.

Therefore, the question to be decided is whether the evidence introduced by the plaintiffs is sufficient to support the judgment against the defendant.

Charles H. Preston, an employee of the plaintiffs, appeared at the trial and presented an account current of the defendant with the plaintiff firm, various orders for the delivery of materials signed by the defendant and two letters, all of which were admitted without objection.

The account current begins on December 29, 1914, and up to the middle of February shows a debit of $1,161.13 as against credits beginning February 8 and terminating September 2, 1915, leaving a debit balance of $559.55. It appears from the account that the payments referred to in the answer were credited to the defendant. The letters are one from the plaintiffs dated March 6, 1915, informing the defendant that he had a debit balance of $892.43 and requesting him to remit at least $493.40 for the materials furnished during the month of January, and another from the defendant to the plaintiffs dated March 9, 1915, in answer to their letter, notifying them that he would meet their wishes between the 13th and 17th and asking them to excuse the delay.

The said witness testified that the defendant had not paid the balance of $559.55, and that he had never expressed his non-conformity with the said balance; that after the complaint was filed the defendant called on the plaintiffs at their place of business and asked them to withdraw the complaint, stating that he would pay the whole amount, but it was not withdrawn because neither the defendant nor the plaintiffs

would agree to pay the costs; that on March 6, 1915, the balance due amounted to $892.43, but that on March 20 he paid them $150 on account, on April 22 a further sum of $100, and on September 2 a further sum of $82.88, the value of some empty sacks that he returned after the complaint was filed; that the terms were cash, and that as he did not settle the account it was ordered that no more credit should be given him.

We are of the opinion that the evidence recited, which constitutes all that was produced at the trial, is sufficient to support the judgment appealed from. The terms on which the defendant bought the materials were cash, but he did not comply with the terms and an account was opened in which his orders and the payments made on account thereof were entered. The debt, therefore, was subject to demand at any time and its liquidation was simply an arithmetical operation of determining the difference between debits and credits. He was notified of the balance on March 6, 1916, and made no objection thereto, and the difference between that balance, the amount sued for in the complaint, and the amount definitely fixed at the trial is due to subsequent payments made by the defendant. The matter of the time allowed the defendant by the plaintiffs to make payment after the filing of the complaint was not proved. The account was liquidated on March 6 and the balance was admitted by the defendant in his letter of March 9, and the fact that payments subsequently made by the defendant were credited to him without any debits being entered does not change the character of the account sued for as a liquidated one. The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.